

ORDERED in the Southern District of Florida on June 15, 2017.

Robert A. Mark, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DADE COUNTY DIVISION
www.flsb.uscourts.gov

In re:
**MIRLEYIS ROBAS**

Case No: 16-25164
Chapter 13

_____ Debtor _____/

## ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY <u>NATIONAL NOTE GROUP DE LLC</u>1

THIS CASE came to be heard on _____ 6/13/17 _____ on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 42; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.   The value of the debtor's real property (the "Real Property") located at

_10327 NW 9th Street Cir, Apt 3-7, Miami, FL 33172_____, and more

particularly described as:

LF-92 (rev. 01/08/10)

Condominium Parcel Number 3, in Building Number 7, of CARIBBEAN SPRING VILLAGE CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, and exhibits attached thereto as recorded in Official Records Book 11099, at Page 206 of the Public Records of Miami-Dade County, Florida,

Parcel Identification Number: 30-30550390290.

is $ __106,000__ at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of ___National Note Group DE LLC1__ (the "Lender") is $ __107,319.00__ .

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ __0.00__ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ __0.00__ .

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on __08/02/2007__ at OR BOOK __25826__ Page __2417__ of the official records of County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage

LF-92 (rev. 01/08/10)

will no longer be considered void and shall be restored as a lien on the Real Property.]

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Kenneth S. Abrams, Esq.
**KENNETH S. ABRAMS, P.A.**
Attorneys for Debtor(s)
9300 S.W. 87th Ave., Ste 5
Miami, FL 33176

Attorney, Kenneth S. Abrams, Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service

LF-92 (rev. 01/08/10)